HOWARD BROS. MFG. CO. v. GIBBS LOOM HARNESS & REED CO. (two cases).

GIBBS LOOM HARNESS & REED CO. v. HOWARD BROS. MFG. CO.

(Circuit Court of Appeals, First Circuit. November 8, 1907.)

Nos. 738–740.

1. PATENTS—INFRINGEMENT—HEDDLE-MAKING MACHINE.
   The Gibbs patent, No. 626,900 for a heddle-making machine *held* valid and infringed as to claim 15. Claims 4, 5, 6, 7, 8, 13, and 14 *held* on this record void for lack of invention.

2. APPEAL—APPEAL FROM INTERLOCUTORY ORDER—EFFECT OF FINAL DECREE.
   Where, pending an appeal from an interlocutory order granting a preliminary injunction in a suit for infringement, final decree is entered for complainant, which is affirmed on appeal, the appeal from the order becomes a moot case, and should be disposed by a judgment that the order has been superseded.

Appeals from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 153 Fed. 291.

Louis W. Southgate, for complainant.

George A. Rockwell, for defendant.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. These three appeals arose out of a bill in equity filed in the Circuit Court for the District of Massachusetts, alleging infringement of claims 4, 5, 6, 7, 8, 13, 14, and 15 of a patent issued to William H. Gibbs for a heddle-making machine on June 13, 1899, No. 626,900, on an application filed on July 26, 1895. The Circuit Court issued an interlocutory injunction, and No. 738 is an appeal therefrom. In view of our conclusions as to the final decree, this appeal is now a moot case, and should be disposed of with a judgment declaring that the interlocutory order has been superseded.

At the final hearing the Circuit Court entered a. judgment for the complainant on claim 15, and for the respondent on all the other claims in issue. Both parties appealed, No. 739 being that of the respondent, and No. 740 that of the complainant. The facts are fully stated in the opinion of the learned judge of the Circuit Court. From the standpoint of the parties, which was adopted by the Circuit Court, the claims on which that court found for the respondent are too broad to be sustained in view of the state of the art; and we are also impressed that the judgment for the complainant on claim 15 was correct. Therefore, on the opinion of the learned judge of the Circuit Court, we affirm the conclusions appealed against.

The judgments will be as follows:

In No. 738, judgment will be entered by the Circuit Court that the interlocutory order appealed against has been superseded by the final decree, the same to be without prejudice; and the appellee recovers its costs of appeal.

In No. 739, the judgment of the Circuit Court is affirmed, with costs of appeal for the appellee.

In No. 740, the judgment of the Circuit Court is affirmed, with costs of appeal for the appellee.